Arikoli Mainakavika VOLAVOLA; Newamai Bale Volavola; Ratu Orisi Lalabalavu Volavola; Asinate Talei Volavola, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72491.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, John D. Williams, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY and BYBEE, Circuit Judges.

MEMORANDUM **

Arikoli Mainakavika Volavola, his wife, Newamai Bale Volavola, and their two children, Ratu Orisi Lalabalavu Volavola and Asinate Talei Volavola, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, and reverse only if the evidence compels a contrary conclusion. *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006). We deny the petition for review.

The lead petitioner's testimony that he was threatened, verbally assaulted and spat upon does not compel the conclusion that he was persecuted. *See Halaim v. INS,* 358 F.3d 1128, 1132 (9th Cir.2004) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks and citation omitted); *Hoxha v. Ashcroft,* 319 F.3d 1179 (9th Cir.2003) (unfulfilled threats usually "constitute harassment rather than persecu-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion"). The record also does not compel us to conclude that the petitioners have a well-founded fear of future persecution. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000) (general claims of ethnic tension in Fiji insufficient to establish a well-founded fear of persecution). Consequently, substantial evidence supports the agency's decision to deny asylum.

Because the petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

The petitioners also failed to establish eligibility for CAT relief because they did not show it was more likely than not that they would be tortured if they returned to Fiji. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.