**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PARAMJIT SINGH SHERGIL,

       Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

       Respondent.

No. 07-73793

Agency No. A070-866-160

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

    Paramjit Singh Shergil, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KY/Research

for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Shergil's motion to reopen as untimely where the motion was filed over three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Shergil failed to establish changed country conditions in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution."). In addition, the BIA did not abuse its discretion in finding Shergil failed to explain why the psychological report attached to his motion could not have been discovered prior to his immigration hearing, *see* 8 C.F.R. § 1003.2(c)(1); *see also Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (holding that if evidence was capable of being discovered prior to the hearing, it cannot serve as the basis for a motion to reopen).

We decline to reconsider Shergil's challenge to the agency's adverse credibility determination because his contentions have already been considered and rejected by this court. *See Shergil v. Gonzales*, 146 Fed.Appx. 902 (9th Cir. 2005);

*see also Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (under the 'law of the case doctrine,'one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

We reject Shergil's contention that the BIA failed to consider the evidence he submitted with the motion to reopen, because Shergil has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

We lack jurisdiction to consider Shergil's contention that his prior attorney provided him with ineffective assistance, because it is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**